IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEVIN WASHINGTON,<br>Plaintiff,<br><br>v.<br><br>REBECCA MARTINEZ,<br>Defendant. | )<br>)<br>)<br>)  Civil Action No. 3:14CV677 (RCY)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant John Doe's Motion for Summary Judgment (ECF No. 39). On May 28, 2015, the Court issued an Order (ECF No. 52) granting Defendant John Doe's Motion, with an opinion to follow. Thereafter, on June 8, 2015, the parties reached a settlement in which they agreed to dismiss this case with prejudice. However, as the Court granted summary judgment with an opinion to follow, the Court will briefly discuss the reasons for granting the motion and dismissing John Doe.

**Standard of Review**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When considering a case for summary judgment, the Court cannot weigh the evidence to enter a judgment, but simply must determine if a genuine issue exists for trial. *Greater Balt. Ctr. for Pregnancy Concerns v. Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 249).

In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. *Andreson*, 477 U.S. at 255. Nonetheless, to defeat an otherwise properly supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). A "material fact" consists of one that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 247-48; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact should be considered "material" must be determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the non-moving party, offers a sufficient basis for a reasonable jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 248.

## Analysis

Plaintiff alleges that Defendant John Doe operated his motor vehicle negligently, causing the collision in question. (Am. Compl., ECF No. 32 ¶¶ 13-14.) However, Nationwide Property and Casualty Insurance Company—in the name of John Doe—argues that the evidence fails to demonstrate that John Doe exists. (Nationwide Property and Casualty Insurance Company's Mem. Supp. Mot. Summ. J. ("Def.'s Mem."), ECF No. 40 at 3-4.)

In Virginia, to survive a motion for summary judgment on a motor vehicle collision claim a plaintiff must make out a *prima facie* case that a defendant's negligence was the proximate cause of the collision. *See Weddle v. Draper*, 204 Va. 319, 322-24 (1963) (granting summary judgment for

2

defendant where plaintiff had not made out a *prima facie* case for negligence); *see also Burnell v. Doe*, 41 Va. Cir. 625, at *2 ("Plaintiff has the burden of proving that an unknown motorist, John Doe, was present at some point *and* that his negligence proximately caused the collisions."). "Negligence cannot be presumed form the mere happening of an accident." *Weddle*, 204 Va. at 322. Where facts, "at best . . . create no more than a possibility of negligence on the part of the defendant," a plaintiff cannot recover. *Id.* at 324.

Having reviewed the record, the Court finds that Plaintiff has failed to make out a *prima facie* case against John Doe. Specifically, the Court finds that the facts are legally insufficient for a reasonable jury to find both that John Doe was present at the scene of the traffic collision *and* that his alleged negligence proximately caused the collision in question. The Court can identify no facts that a jury could use to support a finding that John Doe was negligent in operating his vehicle.

Taking the facts in a light most favorable to Plaintiff, at best, the facts support an inference that John Doe was present and struck Defendant Martinez's vehicle. (*See* Def.'s Mem, Ex. D ("Buchanan Dep."), ECF No. 40-4 at 6.) There are no facts in the record, however, that demonstrate that *negligence* on the part of John Doe caused the contact between his vehicle and Defendant Martinez's vehicle. Therefore, Plaintiff has not alleged a *prima facie* case of negligence against John Doe, and summary judgment is appropriate. *Cf. Doe v. Houser*, 213 Va. 617, 619 (1973) (finding that evidence which demonstrated "that an unknown motorist was present who made contact with plaintiff's vehicle . . . was insufficient, as a matter of law, to show that John Doe was guilty of negligence that proximately caused the accident"). "Mere injury is not sufficient; there must also be evidence of wrongdoing or a[] presumption of innocence will attach to Defendant." *Corbin ex rel. Estate of Corbin v. Smith*, 2007 WL 2155746, at *2 (W.D. Va. July 25, 2007) (granting summary judgment for defendant).

3

## Conclusion

Based on the foregoing analysis, the Court GRANTS John Doe's Motion for Summary Judgment (ECF No. 39) and DISMISSES Defendant John Doe from this action WITH PREJUDICE.

Let the Clerk file this Opinion electronically and notify all counsel accordingly.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: June 11, 2015